```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

```
VERONICA MCCOY,              :
                             :    NO. 1:13-CV-134
        Plaintiff,           :
                             :    ORDER
                             :
    v.                       :
                             :
                             :
CINTAS, INC.,                :
                             :
        Defendant.           :
```

This matter is before the Court on Defendant's Motion to Compel Arbitration (doc. 2), Plaintiff's response in opposition thereto (doc. 9), and Defendant's reply in support thereof (doc. 10).

On February 25, 2013, Plaintiff filed a complaint with this Court claiming that the termination of her employment by Defendant was done in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and corresponding state laws (doc. 1). Defendant moves the Court to compel arbitration of Plaintiff's claims pursuant to an Employment Agreement Plaintiff signed on November 1, 2011, which contained an arbitration clause (doc. 2). Plaintiff opposes Defendant's motion, arguing that the clause is invalid because Plaintiff has

1

"low to mid-level experience, background and education"; the arbitration provision of the Employment Agreement was not a stand-alone document and did not contain language expressly waiving Plaintiff's right to a jury trial; and Defendant did not offer a seminar for employees in which the arbitration provision was explained (doc. 9).

Under the Federal Arbitration Act (the "FAA"), a written agreement to arbitrate disputes that arise out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000)( citing 9 U.S.C. § 2). The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation. Id. Because Defendant clearly engages in interstate commerce, there is no dispute about whether the employment agreement at issue here falls within the scope of the FAA, which applies whenever there is an agreement to arbitrate contained in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2.

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties

agreed to arbitrate the dispute at issue. Stout, 228 F.3d at 719. Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary").[1] Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. Stout, 228 F.3d at 714. The "primary purpose" of the FAA is to ensure "that private agreements to arbitrate are enforced according to their terms." Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford, Jr. Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

>Section 3 of the FAA provides as follows:
>
>If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which

---

[1] The Court notes that Ohio also has a strong policy favoring arbitration and that Ohio's Arbitration Act mirrors the federal act in many ways, including that any doubts should be resolved in favor of arbitration and that arbitration clauses should be effectuated unless the clause is not susceptible to an interpretation that covers the dispute. See, e.g., Ohio R. Code §2711.01(A); Gibbons-Grable Co. v. Gilbane Building Co., 517 N.E.2d 559 (Ohio Ct. App. 1986); Smith v. Whitlatch & Co., 739 N.E.2d 857 (Ohio Ct. App. 2000).

>such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the Agreement, provided the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 3 thus "requires" a court in which suit has been brought "'upon any issue referable to arbitration under an agreement in writing for such arbitration' to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). See also Santos v. Am. Broad. Co., 866 F.2d 892, 894 (6th Cir.1989) ("[w]here the parties to a contract that provides for arbitration have an arbitrable dispute, it is crystal clear that Congress has mandated that federal courts defer to contractual arbitration").

When considering a motion to compel arbitration under the FAA, a court has four tasks: (1) it must determine whether the parties agreed to arbitrate; (2) it must determine the scope of the arbitration agreement; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject to

4

arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. Stout, 228 F.3d at 714.

The Sixth Circuit applies "the cardinal rule that, in the absence of fraud or willful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." Allied Steel & Conveyors, Inc. v. Ford Motor Co., 277 F.2d 907, 913 (6th Cir. 1960). Doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration. Id. Indeed, "any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Nestle Waters North America, Inc. v. Hollman, 505 F.3d 498, 504 (6th Cir. 2007). If parties contract to resolve their disputes in arbitration rather than in the courts, a party may not renege on that contract absent the most extreme circumstances. Allied Steel & Conveyors, Inc., 277 F.2d at 913.

Here, Plaintiff's arguments regarding the enforceability of the arbitration clause contained in the employment agreement are unavailing. First, as Defendant notes, there is no dispute about whether the parties entered into an employment agreement that contained a provision that mandates that all disputes arising out of Plaintiff's employment with

5

Defendant—expressly including the very types of claims raised by Plaintiff in this matter-be arbitrated as the exclusive method of dispute resolution. The parties agreed to arbitrate not one time but as many as six times over the course of Plaintiff's employment with Defendant, as she signed at least six employment agreements over the course of fourteen years, each of which contained an arbitration provision. This is not an ambiguous case where the employee did not sign the agreement but instead simply continued to work after receiving notice. Instead, Plaintiff repeatedly was presented with the arbitration provision in the employment agreements and repeatedly acknowledged her awareness of and acquiescence to the provision with her signature to the agreement. Plaintiff's repeated execution of these employment agreements, absent any evidence that she was not in possession of her faculties or was unable to read or write, is evidence enough that there was a meeting of the minds as to the agreement to arbitrate. See, e.g., Garcia v. Wayne Homes, LLC, 2002 WL 628619 (Ohio Ct. App., April 19, 2002)(noting that Ohio law presumes that an adult with full faculties who can read and write who signs a contract has read it and should be bound by its terms).

      Plaintiff's arguments that she should not now be bound by the terms of the agreement she made because she has "low to

mid-level experience, background and education" or because Defendant did not offer a seminar for employees in which the arbitration provision was explained simply do not rise anywhere near to the level of "the most extreme circumstances." Allied Steel & Conveyors, Inc., 277 F.2d at 913. In addition, there is no legal requirement that the provision be a stand-alone document, and the Sixth Circuit has expressly rejected Plaintiff's argument that an arbitration agreement that does not include an express jury-trial waiver is invalid. See Cooper v. MRM Inv. Co., 376 F3d 493, 506 (6th Cir. 2004)("This Court…has flatly rejected the claim that an arbitration agreement must contain a provision expressly waiving the employee's right to a jury trial."). Simply put, the parties here agreed to arbitration.

As to the scope of the agreement, the Court finds that it is clear in its terms: the parties' agreement to arbitrate encompasses all disputes arising out of the employment relationship, including those raised by Plaintiff in her complaint here, and Congress has not indicated that it intended the federal statutory claims she asserts be nonarbitrable.

Thus, the Court finds Defendant's motion to compel arbitration well-taken, and it should be, and hereby is, GRANTED. The Court thus STAYS the proceedings here pending

arbitration.

   SO ORDERED.

Dated:   June 11, 2013        s/S. Arthur Spiegel_____
                              S. Arthur Spiegel
                              United States Senior District Judge